# EXHIBIT "B"

# Complaint To Trans Union, LLC

STATE OF MICHIGAN
IN THE 51st DISTRICT COURT

MANDY BLANKENSHIP,
    Plaintiff,
v.

MONTEREY FINANCIAL SERVICES, INC.
d/b/a MONTEREY COLLECTION SERVICES,
a California corporation, TRANS UNION, LLC,
a Delaware company, and
EQUIFAX INFORMATION SERVICES, LLC,
a Georgia company,
    Defendants.
_____/
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
CARL SCHWARTZ (P70335)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
Phone (248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, MANDY BLANKENSHIP, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN,** and for her Complaint against the Defendants, plead as follows:

### VENUE

1. The transactions and occurrences which give rise to this action occurred in Waterford Township, Oakland County, Michigan.

1

2. Venue is proper in 51st District Court in Oakland County, Michigan as the actions and occurrences recited herein occurred in Waterford Township, in Oakland County, Michigan.

3. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## PARTIES

4. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") which is a Georgia company that maintains a registered agent in Ingham County, Michigan;

    b. Trans Union, LLC ("Trans Union") which is a Delaware company that maintains a registered agent in Ingham County, Michigan; and

    c. Monterey Financial Services, Inc. dba Monterey Collection Services ("Monterey Collection Services") which is a California corporation that maintains a registered agent in Eaton County, Michigan.

## GENERAL ALLEGATIONS

5. Monterey Collection Services is reporting its trade line with account number REDACTED with an incorrect balance of $2,413.00 on Plaintiff's Trans Union credit file ("Errant Trade Line").

6. On September 2016, Ms. Blankenship purchased a dog from Family Puppy for $2,495.00. Ms. Blankenship paid $1,819.24 to Family Puppy and the remaining balance of $851.36 was financed by Wags.

7. On April 25, 2017, Ms. Blankenship obtained her credit files and noticed Monterey Collection Services reporting the Errant Trade Line with an incorrect balance of $2,413.00.

8. On or about July 28, 2017, Ms. Blankenship submitted a letter to Trans Union and Equifax disputing the Errant Trade Line. She explained that she paid $1,819.24 to Family Puppy and the rest of the cost was financed by Wags. She asked the credit bureaus to correct the balance.

9. Upon information and belief, Trans Union and Equifax, forwarded Ms. Blankenship's consumer dispute to Monterey Collection Services.

10. On or about July 27, 2017, Ms. Blankenship received Equifax's investigation results which continued to inaccurately report that the amount of the debt was $2,393.00.

11. On or about August 10, 2017, Ms. Blankenship obtained her Trans Union credit file which showed that Monterey Collection Services retained the incorrect balance on the Errant Trade Line.

12. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MONTEREY COLLECTION SERVICES

13. Plaintiff realleges the above paragraphs as if recited verbatim.

14. After being informed by Trans Union of Ms. Blankenship's consumer dispute to the Errant Trade Line, Monterey Collection Services negligently failed to conduct a proper investigation of Ms. Blankenship's dispute as required by 15 USC 1681s-2(b), and failed to direct Trans Union to correct the balance on the Errant Trade Line on Ms. Blankenship's credit file.

15. Monterey Collection Services negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).

16. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Blankenship's consumer credit file with Trans Union to which it is reporting such trade line.

17. As a direct and proximate cause of Monterey Collection Services' negligent failure to perform its duties under the FCRA, Ms. Blankenship has suffered damages, mental anguish, suffering, humiliation and embarrassment.

18. Monterey Collection Services is liable to Ms. Blankenship by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

19. Ms. Blankenship has a private right of action to assert claims against Monterey Collection Services arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Monterey Collection Services for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MONTEREY COLLECTION SERVICES

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Trans Union that Ms. Blankenship disputed the accuracy of the information it was providing, Monterey Collection Services willfully failed to conduct a proper reinvestigation of Ms. Blankenship's dispute, and failed to direct Trans Union to correct the balance on the Errant Trade Line on Ms. Blankenship's credit file.

22. Monterey Collection Services willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

23. As a direct and proximate cause of Monterey Collection Services' willful failure to perform its respective duties under the FCRA, Ms. Blankenship has suffered damages, mental anguish, suffering, humiliation and embarrassment.

24. Monterey Collection Services is liable to Ms. Blankenship for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Monterey Collection Services for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Blankenship as that term is defined in 15 USC 1681a.

27. Such reports contained information about Ms. Blankenship that was false, misleading and inaccurate.

28. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Blankenship, in violation of 15 USC 1681e(b).

29. After receiving Ms. Blankenship's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

30. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Blankenship has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

31. Trans Union is liable to Ms. Blankenship by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Blankenship as that term is defined in 15 USC 1681a.

34. Such reports contained information about Ms. Blankenship that was false, misleading and inaccurate.

35. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Blankenship, in violation of 15 USC 1681e(b).

36. After receiving Ms. Blankenship's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

37. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Blankenship has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

38. Trans Union is liable to Ms. Blankenship by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Blankenship as that term is defined in 15 USC 1681a.

41. Such reports contained information about Ms. Blankenship that was false, misleading and inaccurate.

42. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Blankenship, in violation of 15 USC 1681e(b).

43. After receiving Ms. Blankenship's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

44. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Blankenship has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

45. Equifax is liable to Ms. Blankenship by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Blankenship as that term is defined in 15 USC 1681a.

48. Such reports contained information about Ms. Blankenship that was false, misleading and inaccurate.

49. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Blankenship, in violation of 15 USC 1681e(b).

50. After receiving Ms. Blankenship's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

51. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Blankenship has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

52. Equifax is liable to Ms. Blankenship by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

August 31, 2017

*Gary D. Nitzkin w/ permission*

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
CARL SCHWARTZ (P70335)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com

11